# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>     v.<br><br>RODNEY D. JONES,<br><br>                    Defendant.<br>_____/ | CASE NO. 1:09-cv-00033-SMS<br><br>ORDER DIRECTING SUBMISSION OF<br>SUPPLEMENTAL BRIEFING AND EXHIBITS<br><br>(doc. 7) |

  The United States of America initiated this matter as an ex parte application for an order requiring examination of the judgment debtor, defendant Rodney D. Jones (doc. 1).  Defendant cross-moved for an order setting aside all liens and collection attempts by plaintiff as barred by the statute of limitations (doc. 7).  18 U.S.C. § 3613.   Upon preliminary review of the documents submitted in this matter, this court has determined that addressing defendant's contention that the government's collection efforts are time-barred requires the parties' submission of additional exhibits and memoranda of points and authorities.  Accordingly, by separate order, this court has vacated and rescheduled the proceedings previously scheduled for December 11, 2009.

**Defendant's Provision of Supplemental Exhibits**

  The amendment of 18 U.S.C. § 3613 in 1996 requires the application of different provisions governing the statute of limitation for collection of fines from convicted criminals.  Defendant alleges that because the initial order of judgment convicting him was entered in 1989, collection of his fine is governed by the pre-1996 provisions and the government's collection action is barred by the statute of limitations.  In crafting his memorandum of law, defendant

neglected to provide to the court at least two relevant documents, referenced in his brief but omitted from his exhibits.

1. Defendant's memorandum of law alleges that he was convicted of the underlying offense and the $100,000 fine imposed on August 3, 1989, in the U.S. District Court for the Northern District of Alabama, Eastern Division (Case No. CR 89-PT-119-E).

2. Defendant further alleges that, on September 23, 1996, U.S. Magistrate Judge T. Michael Putnam refused to disturb defendant's 1989 conviction but ordered that defendant be re-sentenced (Case No. CV 96-PT-8027-E).

Although defendant contends that the procedural posture of these determinations is critical to the application of 18 U.S.C. § 3613, he did not attach copies of the opinions, orders, and judgments associated with these allegations as exhibits to his memorandum of law. Because copies of these documents are necessary to an informed evaluation of defendant's contentions, this court hereby orders defendant to produce them.

**Need for More Extensive Briefing**

Defendant's contentions address the application of 18 U.S.C. § 3613 before and after its 1996 amendment, a matter that arises infrequently and that this court has not previously addressed. Accordingly, the parties' fuller exposition of relevant factual background and of applicable points and authorities would be appropriate and of assistance to the court.

The government has not filed a brief in opposition to defendant's motion. Its motion for an order permitting examination of defendant, the judgment debtor, cannot proceed if defendant's legal contentions are correct. Accordingly, the government is hereby directed to file a memorandum of points and authorities in opposition to defendant's cross-motion. Thereafter, defendant may file a reply brief. Both parties are directed to supply the court with all case law or other legal authority relevant to this matter.

Accordingly, it is hereby ORDERED that

1. On or before December 23, 2009, defendant shall file with the court copies of the legal opinions and judgments referenced in his legal memorandum, specifically the August 3, 1989, judgment of conviction in the U.S. District Court for the Northern District of

1  Alabama, Eastern Division (Case No. CR 89-PT-119-E), and U.S. Magistrate Judge T.
2  Michael Putnam's September 23, 1996, opinion and order or judgment in which he
3  refused to disturb defendant's 1989 conviction but ordered that defendant be re-sentenced
4  (Case No. CV 96-PT-8027-E).
5  2. On or before January 6, 2010, the government shall file with the court a memorandum of
6  points and authorities addressing defendant's contentions.
7  3. Defendant may file a reply brief on or before January 13, 2010.

IT IS SO ORDERED.

**Dated:   December 14, 2009**           /s/ Sandra M. Snyder
                                         UNITED STATES MAGISTRATE JUDGE