**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 1:09-mc-00033-SMS |
| Plaintiff, | |
| v. | ORDER DENYING MOTION TO SET ASIDE LIENS |
| RODNEY D. JONES, | |
| Defendant. | (Doc. 7) |

The United States initiated this matter as an ex parte application for an order requiring examination of the judgment debtor, Defendant Rodney D. Jones (Doc. 1). Defendant cross-moved for an order setting aside all liens and collection attempts by the Government as statutorily time-barred (Doc. 7). 18 U.S.C. § 3613.

The statute of limitations is now set forth in 18 U.S.C. § 3613(b). As policies and procedures were fine-tuned over the last three decades, 18 U.S.C. § 3613(b) was twice amended. Having reviewed both the facts of Defendant's underlying conviction and applicable statutory limitations provisions, this Court concludes that the statute of limitations does not bar the Government's *ex parte* application for an order requiring examination of the judgment debtor.

I.  **Factual Background**

In count twelve of a seventy-six-count indictment, the Grand Jury for the Northern District of Alabama charged that, in or about the time period from late April 1988 to October 1988, Defendant Rodney DeRose Jones, aka Elvis, conspired with numerous co-defendants to illegally import 500 kilograms of marijuana, a Schedule I controlled substance, from Mexico to

the United States (Doc. 16-2).  A jury found Defendant guilty on August 4, 1989, and the Northern Alabama District Court entered judgment on August 7, 1989 (Docs. 16-3 and 16-4).  The Court sentenced Defendant to 121 months in prison and imposed a $100,000 fine and a $50 special assessment (Doc. 16-3).

On March 7, 1996, arguing that he received ineffective assistance of counsel and that his conviction was barred by double jeopardy, Defendant moved to vacate his conviction (Doc. 16-5).  In his report and recommendation, the magistrate judge recommended rejecting Defendant's contention that he was subjected to double jeopardy as a result of the separate civil forfeiture action against his airplane (Doc. 16-5).  The magistrate recommended finding Defendant's allegation of ineffective assistance of counsel meritless except for his counsels' failure to object to certain findings of fact and sentencing enhancements (Doc. 16-5).  Accordingly, the magistrate recommended that Defendant be re-sentenced, but that Defendant's motion be denied in all other respects (Doc. 16-5).  On November 15, 1996, District Judge Robert B. Propst vacated Defendant's 1989 sentence and order his re-sentencing but denied Defendant's motion to vacate his conviction (Docs. 16-6 and 16-7).  On December 4, 1996, Judge Propst reduced Defendant's sentencing level, applying a range of 97 to 121 months imprisonment and a range of $15,000 to $2,000,000 fines (Doc. 11-5).  The judge sentenced Defendant to a prison term of 97 months and assessed a $100,000 fine and $50.00 assessment fee (Doc. 1-2).

Defendant was released from federal custody on December 10, 1996 (Doc. 7 at 6).

On July 9, 2009, seeking to collect Defendant's unpaid fine, the Government applied for an order for examination of judgment debtor (Doc. 1).  The declaration supporting the application noted that judgment was entered against Defendant in the amount of $100,050.00 on December 4, 1996 (Doc. 1-2).  As of May 6, 2009, the balance due, including interest, totaled $192,488.68 (Doc. 1-2).   On July 15, 2009, this Court ordered Defendant to appear for examination as a debtor on August 14, 2009 (Doc. 4).  Due to the unavailability of Defendant's attorney, the hearing was continued to October 23, 2009 (Doc. 6).  On October 8, 2009, Defendant moved to set aside the liens and attempts to collect the fine (Doc. 7).

///

## II. Analysis

### A. Crime Control Act (1984)

Before 1984, no time limits existed on the government's efforts to collect criminal fines, but little security for their payment existed either. The then-existing law provided that judgments for criminal fines were enforceable "by execution against the property of the defendant in like manner as judgments in civil cases." 18 U.S.C. § 3565 (*repealed by* P.L. 98-473, Tit. II, §§ 212(a)(1),(2), and 235(a)(1)). That provision required the federal government to collect fines in compliance with each state's procedures and time limitations, and subject to each state's exemptions of varying property from execution by creditors. H.R. Rep. No. 98-1030 and H.R. Conf. Rep. 98-1159, *reprinted in* 1984 U.S.C.C.A.N. at 3316, 3320. Among other things, the Comprehensive Crime Control Act of 1984 (P.L. 98-473) sought to "increase the efficiency with which the government collects fines assessed against criminal defendants." The new scheme was patterned on to successful collection practices used by the Internal Revenue Service to collect delinquent taxes. H.R. Rep. No. 98-1030 and H.R. Conf. Rep. 98-1159, *reprinted in* 1984 U.S.C.C.A.N. at 3318. The resulting enactment became 18 U.S.C. § 3613(b), which provided:

> **EXPIRATION OF LIEN.**–A lien becomes unenforceable and liability to pay a fine expires–
> (1) twenty years after entry of the judgment; or
> (2) upon the death of the individual fined.

The Report reasoned, "[I]t seems reasonable to conclude that if a debtor is pursued unsuccessfully for the twenty-year period, it is unlikely that additional enforcement efforts would prove fruitful." H.R. Rep. No. 98-1030 and H.R. Conf. Rep. 98-1159, *reprinted in* 1984 U.S.C.C.A.N. at 3320.

The 1984 amendments were effective "on the first day of the first calendar month beginning thirty-six months after October 12, 1984, applicable only to offenses committed after the taking effect of sections 211 to 239 of Pub.L. 98-473, and except as otherwise provided therein." *Historic and Statutory Notes*, 18 U.S.C.A. § 3613 (2010). Because the conspiracy of which Defendant was convicted occurred between April and October 1988 and because the judgment against Defendant was entered in August 1989, the twenty-year limitations period

3

enacted in 1984 applied when Defendant was originally convicted and the original fine imposed. Accordingly, the statutory period for the lien of the original fine would have expired on August 7, 2009.

Defendant appealed his conviction, however, and as set forth above, the District Court vacated his 1989 sentence and re-sentenced him in December 1996. Emphasizing that the $100,000 fine imposed in 1996 was the same amount imposed in 1989, Defendant contends that, since his 1989 conviction was not disturbed in the 1996 appeal, the limitations period ran from the date of entry of the 1989 judgment, barring the Government's 2009 collection efforts.

### B. Antiterrorism and Effective Death Penalty Act of 1996

The 1996 modification to 18 U.S.C. § 3513 was intended to consolidate and strengthen the procedures for collecting unpaid restitution and fines. H.R. Conf. Rep. No. 104-518, *reprinted in* 1996 U.S.C.C.A.N. 925. It extended the limitations period for the lien of a fine or restitution to 20 years after a defendant's release from incarceration. *Id.* at 929.

Following the 1996 amendment, 18 U.S.C. § 3613(b) provided:

> **Termination of liability.**–The liability to pay a fine shall terminate the later of 20 years from the entry of judgment or 20 years after the release from imprisonment of the person fined, or upon the death of the individual fined.

This 1996 revision of § 3613 "shall, to the extent constitutionally permissible, be effective for sentencing proceedings in cases in which the defendant is convicted on or after the date of enactment of this Act [April 24, 1996]." *See* Note *following* 18 U.S.C.A. § 2248. In its opposition to Defendant's motion, the Government contends that since the fine in question was set forth in the judgment entered against Defendant in 1996, the statute applies as amended in 1996, and the statutory collection period has not passed.

### C. Applicable Statutory Period

Neither the parties nor this Court has identified a previous published case addressing this question. The Government maintains that resolving Defendant's challenge is as simple as recognizing that the judgment sentencing Defendant was vacated, and a new judgment entered, in 1996 following Defendant's appeal. This Court agrees.

///

In a judgment of conviction, the court must set forth the plea, the jury verdict or the court's findings, the adjudication, and the sentence. F.R.Crim.P. 32(k). When Judge Propst vacated Defendant's 1989 sentence, the fine that was part of that sentence was also vacated. At that point, no judgment imposing incarceration or a monetary fine or both existed. The fine that the Government now seeks to collect was imposed as part of the 1996 re-sentencing. That Judge Propst again imposed a $100,000 fine as part of the 1996 sentence did not somehow act to revive that portion of the 1989 judgment.

Certainly, if the judge had modified the fine's amount, rather than setting it at the same amount, a defendant could not argue that the vacated sentencing provisions of a prior judgment determined the starting date for the statute of limitations on the fine's collection. Determining the start date of the statutory period should not differ here. The relevant judgment date is 1996, when the district judge vacated the prior fine, reduced the applicable sentencing level, and set Defendant's fine at $100,000.00. The limitations period must be measured from 1996.

### D. Unambiguous Statute

Nonetheless, Defendant argues that the legislative history and agency interpretation support the conclusion that "judgment" really means "conviction." "The purpose of statutory construction is to discern the intent of Congress in enacting a particular statute." *United States v. Daas*, 198 F.3d 1167, 1174 (9th Cir. 1999), *cert. denied*, 531 U.S. 999 (2000). Analyzing legislative intent begins with "the plain meaning of the language in question." *United States v. 144,774 Pounds of Blue King Crab*, 410 F.3d 1131, 1134 (9th Cir.), *cert. denied sub nom*, *Deep Sea Fisheries, Inc. v. United States*, 546 U.S. 1075 (2005). Words should be given their "ordinary, contemporary, common meaning." *United States v. Carter*, 421 F.3d 909, 911 (9th Cir. 2005). If the relevant language is clear and unambiguous, not further analysis is necessary. *Barnhart v. Sigmon Coal Co., Inc.*, 534 U.S. 438, 450 (2002); *Cooper v. F.A.A.*, 596 F.3d 538, 544 (9th Cir. 2010); *Texaco, Inc. v. United States*, 528 F.3d 703, 707 (9th Cir. 2008).

Once a court recognizes that a statute is unambiguous, it should not further analyze the statute using secondary materials since there is no need to apply rules intended to address doubtful meanings and no duty of interpretation arises. *Amalgamated Transit Union Local 1309,*

*AFL-CIO v. Laidlaw Transit Services, Inc.*, 448 F.3d 1092, 1096 (9th Cir. 2006). Resorting to the legislative history to, in effect, re-word a clear statute would be error.

The language of the Program Statement appended to Defendant's brief does not compel a different conclusion. *See* Program Statement P5380.08, Financial Responsibility Program-- Inmate (Dept. of Justice, Bureau of Prisons, August 15, 2005). The section on which Defendant relies reads:

> The court may establish a payment schedule or a deferred payment date to satisfy a restitution order or fine. When the dates of the court-ordered payment schedule follow the period of incarceration, the financial plan should address any other financial obligations, while encouraging inmates to save funds to help meet future obligations.
>
> A defendant's obligation to pay a fine ceases 20 years after the date judgment was imposed for inmates convicted **prior to** April 24, 1996.
>
> A defendant's obligation to pay a fine ceases 20 years after the inmate's release from incarceration for inmates convicted **on or after** April 24, 1996. (18 U.S.C. § 3613(b).)

Program Statement P5380.08, Financial Responsibility Program, Inmate at 6. Setting forth procedures for implementing a program intended to assist inmates to develop and implement a plan for discharging their financial obligations, the Program Statement is intended to implement the objectives set forth in 28 C.F.R. §§ 545.10 and 545.11, the Inmate Financial Responsibility Program. The statement does not define its intent in using the term "conviction," on which Defendant's argument that the date of the conviction, not the sentence imposing the fine, controls. Nor does Defendant offer any authority for favoring the Bureau of Prison's word choice over the statute's actual language.

Similarly, the use of the term "conviction" in § 211 of Pub. L. 104-132, included as a Note to 18 U.S.C.A. § 2248 (paraphrasing that the 1996 amendment of 18 U.S.C. § 3613 would be "effective, to the extent constitutionally permissible, for sentencing proceedings in cases in which the defendant is *convicted* on or after April 24, 1996") (*emphasis added)* cannot be interpreted to modify the clear language of 18 U.S.C. § 3513, which counts the time from the "entry of judgment."

///

///

6

### III. Conclusion and Order

For the preceding reasons, this Court concludes that the statute of limitations does not bar the Government's *ex parte* application for an order requiring examination of the judgment debtor. Defendant's motion to set aside all liens and attempts by the Government to Collect the $100,000 fine is hereby DENIED. The Government shall submit an Order Requiring Examination of Judgment Debtor (Rodney D. Jones) within fourteen days of this order.

IT IS SO ORDERED.

Dated:   May 20, 2010                          /s/ Sandra M. Snyder
                                    UNITED STATES MAGISTRATE JUDGE